UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

THERESA R. CONLEY,

        Plaintiff,

v.	Case No. 08-C-0036

STATE OF WISCONSIN,
THIRD DISTRICT POLICE DEPARTMENT,
MENTAL HEALTH COMPLEX,
FIRST DISTRICT POLICE DEPARTMENT,
CHILD PROTECTIVE SERVICES,
CHILDREN COURT CENTER,
ELLA M. MOMS,
ROGERS MEMORIAL HOSPITAL,
SUED AS: RODGERS MEMORIAL HOSPITAL,
ST. JOSEPH'S HOSPITAL,
ST. FRANCIS HOSPITAL,
AURORA SINAI MEDICAL CENTER,
COLUMBIA ST. MARY'S HOSPITAL,
WEST BEND MUTUAL INSURANCE COMPANY,
COUNTRY INSURANCE COMPANY,
BEST WESTERN HOTEL,
HILTON HOTEL,
MS. ROBINSON,
BRIAN SPRENGER,
KATHY HAMILTON,
CITGO SERVICE STATION,

        Defendants.

ORDER GRANTING PETITION TO PROCEED IN FORMA PAUPERIS (Doc # 2),
AND DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915(e)(2)

Plaintiff, Theresa R. Conley, filed a pro se complaint against the above listed defendants. In addition, she filed a petition and affidavit to proceed without prepayment of fees and costs.

Under 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed in forma pauperis if she is unable to pay the prescribed court fees. Plaintiff's petition indicates that she is unemployed, single, and has one legal dependent, age 17.

Plaintiff pays no rent or mortgage and makes no car payments. She has no savings or property of value. In addition, plaintiff reports monthly income of $650.00, and monthly expenses of $1000-$1245. On these facts, the plaintiff has established an inability to pay court fees.

The inquiry, however, does not end with this finding. Under 28 U.S.C. § 1915, the court conducts an initial review of the plaintiff's claims and will dismiss the action if it finds that (1) the action is frivolous or malicious, (2) the complaint fails to state a claim on which relief may be granted, or (3) the petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). At this stage, a lawsuit will not be considered frivolous unless the petitioner "can make no rational argument in law or fact to support [his] claims for relief." *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir.1985).

The plaintiff's complaint covers nine pages and names nineteen defendants. In the most liberal reading of the complaint, it appears the plaintiff is alleging discrimination by the defendants, and in particular "negligence of the police department." However, nowhere in the complaint does the plaintiff indicate facts to support a constitutional claim or how each defendant violated her rights. Hence, the plaintiff has failed to comply with the minimal pleading requirements set forth in Federal Rule of Civil Procedure 8(a) and as stated on the complaint form issued by this court:

> State as briefly as possible the *essential facts* of your case. Tell what each defendant did to you that caused you to file this suit against them. If you are complaining about more than one wrong, use a separate **numbered** paragraph for each wrong, and describe each wrong in that paragraph and only that paragraph. State only the facts. . . .

2

Under these circumstances, the court is required to dismiss the case for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

Therefore,

IT IS ORDERED that plaintiff's petition to proceed in forma pauperis (Doc. #2) is granted;

IT IS FURTHER ORDERED that this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Dated at Milwaukee, Wisconsin, this 18th day of January, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C.N. CLEVERT, JR
U.S. DISTRICT JUDGE